**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMETRIUS MIDDLETON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PATRICK NOGAN, et al.,<br><br>　　　　　　Respondents. | Civil Action No. 16-5966 (CCC)<br><br>**MEMORANDUM AND ORDER** |

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Demetrius Middleton, for relief under 28 U.S.C. § 2254. Petitioner has declared that this Petition sets forth all grounds for relief and is his one, all-inclusive habeas petition. At this time, the Court must screen the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It appearing:

1. On November 17, 1999, Petitioner was convicted in a jury trial of first-degree murder and related crimes. ECF No. 1 at 2. He was sentenced on December 24, 2002, more than three years later. *Id.* Because the three-year gap is rather unusual, the Court conducted further research, and was able to locate the New Jersey appellate court decision addressing Petitioner's state application for post-conviction relief ("PCR"), which provided additional procedural background. *See State v. Middleton*, Indictment No. 98-01-0479, 2015 WL 10677205, at *1 (N.J. Super. Ct. App. Div. Apr. 15, 2016). Petitioner was initially sentenced in 1999, but on appeal, the case was remanded for resentencing. *Id.* The exact date of the resentencing is unclear from *Middleton*, although as stated above, Petitioner asserts that sentencing occurred on December 24, 2002.

2. Petitioner allegedly filed his PCR application on the same day as his resentencing, December 24, 2002. (ECF No. 1 at 4.) However, according to *Middleton*, the state court appears to have no record of this filing. *Middleton*, 2015 WL 10677205, at *1. Instead, the only PCR application in the state court record was filed on September 7, 2006. *Id.*

3. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As applied here, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

4. The one-year limitation is tolled while a valid state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). This tolling excludes the period for filing a petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

5. Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has

run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

6. "The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

7. For purposes of screening the Petition, the Court accepts as true Petitioner's assertion that sentencing occurred on December 24, 2002. ECF No. 1 at 2. There is no record or allegation that Petitioner appealed that sentence, so his judgment, for federal habeas purposes, became final at the expiration of time to seek an appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). State rules require that an appeal be filed within 45 days, *see* N.J. Ct. R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). Therefore, his judgment became final on February 7, 2003, at which time his one-year limitations period for a federal habeas petition began to run. If the PCR application was filed on December 24, 2002 as Petitioner alleges, then tolling

would not be necessary. If the PCR application was filed on September 7, 2006, tolling would not apply because it was filed after the one-year limitations period expired. ECF No. 1 at 4.

8. Given that the state appears to have no record of the alleged December 24, 2002 PCR application, Petitioner bears the burden of showing that he indeed filed a PCR application on that date, in order to establish that the Petition is timely and that he is entitled to relief. *See Brown v. N.J. State Prison*, No. 15-5669, 2015 WL 6122156, at *1 (D.N.J. Oct. 16, 2015) ("A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court.") (citing *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013)); *Lyons v. Wilson*, No. 07-0214, 2010 WL 2253751, at *13 n.9 (W.D. Pa. Feb. 10, 2010) ("[I]t is Petitioner's burden on collateral attack to show entitlement to relief, [and] an ambiguous record simply does not carry Petitioner's burden.") (citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993)). As such, within thirty days from the date of entry of this Order, Petitioner shall submit documentary proof that he filed a PCR application with the state court on December 24, 2002. Petitioner may also raise any other argument regarding the timeliness of the Petition. Failure to do so will result in the dismissal of the Petition as untimely.

IT IS therefore on this ___10___ day of ___Feb___, 2017,

**ORDERED** that Petitioner shall, within thirty (30) days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be dismissed as time-barred, *see Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue); failure to timely respond to this Order will result in the dismissal of the Petition with prejudice as time-barred; and it is further

4

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

_____
Claire C. Cecchi, U.S.D.J.